## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**STEVEN GIBSON,**

      **Petitioner,**

    **v.**                      **Case No. 2:04-cv-272**
                                              **JUDGE GRAHAM**

**JEFFREY WOLFE, Warden,**               **Magistrate Judge KING**

      **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the instant petition, respondent's return of writ, petitioner's traverse, petitioner's supplemental memorandum and exhibits, and the exhibits of the parties.

For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

## I.  FACTS

This case involves the following facts, as summarized by the state appellate court:

> The record shows that the female victim, born on May 28, 1981, lived with Gibson on Maple Street in Belpre, Ohio, after he married her mother in 1992. The mother testified that the family moved to Maple Street on April 9, 1992 and left this address in April 1994.

> The victim testified that during the summer when they lived at the Maple Street address, Gibson on more than one occasion fondled her breasts, touched her vagina, and tried to penetrate her vagina with his fingers. She said that when Gibson attempted to penetrate her and she told him that it hurt, he usually stopped. She testified that she was too embarrassed to tell anyone and that Gibson told her not to tell.

Exhibit 19 to Return of Writ.

## II. PROCEDURAL HISTORY

On May 12, 2000, petitioner was indicted by the Washington County grand jury on two counts of gross sexual imposition against a person less than thirteen years of age, in violation of O.R.C. §2907.05(A)(4), and attempted felonious sexual penetration, in violation of O.R.C. §2907.12(A)(1)(b). Exhibit 2 to Return of Writ. Represented by counsel, petitioner proceeded to jury trial on counts two and three of the indictment[1] and, on June 12, 2001, was found guilty as charged. Exhibit 9 to Return of Writ. On July 11, 2001, count one of the indictment was dismissed without prejudice. Exhibits 10 and 11 to Return of Writ. On July 26, 2001, petitioner was sentenced to an aggregate term of six and one half to fifteen years incarceration and adjudicated a sexual predator. Exhibit 12 to Return of Writ. Still represented by the same counsel, petitioner filed a timely appeal of his convictions and sentence to the Fourth District Court of Appeals. He asserted the following assignments of error:

> 1. The trial court erred to the prejudice of the defendant-appellant by classifying him as a sexual predator. The evidence presented at the sentencing/classification hearing was insufficient to establish by clear and convincing evidence that the defendant-appellant would likely engage in the future in one or more sexually oriented offenses.
>
> 2. The trial court abused its discretion and committed reversible error by sentencing the defendant-appellant to consecutive sentences.
>
> 3. The trial court erred by failing to instruct the jury as to the lesser included offenses of gross sexual imposition and sexual penetration.

Exhibit 15A to Return of Writ. On September 27, 2002, the appellate court affirmed the judgment

---

[1] Pursuant to petitioner's request, count one was severed from the trial of counts two and three. Exhibits 3 and 4 to Return of Writ.

of the trial court.  Exhibit 19 to Return of Writ.  Petitioner never filed a timely appeal of the appellate court's decision to the Ohio Supreme Court; however, on September 12, 2003, petitioner filed a *pro se* motion for delayed appeal.  Exhibits 20 and 21 to Return of Writ.  On November 5, 2003, the Ohio Supreme Court denied the motion for delayed appeal and dismissed the appeal. Exhibit 22 to Return of Writ.

On October 22, 2003, petitioner filed a *pro se* delayed application for reopening of the appeal pursuant to Ohio Appellate Rule 26(B).  Exhibit 23 to Return of Writ.  On December 12, 2003, the state appellate court dismissed petitioner's delayed application for failure to establish good cause for the untimely filing.  Exhibit 24 to Return of Writ.  Petitioner filed a timely appeal of that decision to the Ohio Supreme Court.  He asserted the following proposition of law:

> Appellant was denied the effective assistance of counsel on both the trial and appellate levels in violation of the Sixth Amendment to the Constitution of the United States when counsel fails to raise significant plausible issues on appeal and the lower appellate court refuses to permit reopening.

Exhibit 25 to Return of Writ.  On March 24, 2004, the Ohio Supreme Court dismissed the appeal as not involving any substantial constitutional question.  Exhibit 27 to Return of Writ.

Petitioner also filed, on June 3, 2002, a *pro se* petition to vacate or set aside his conviction or sentence with the trial court; however, petitioner failed to raise any claims in his post conviction petition.  *See* Exhibit 28 to Return of Writ.  On July 17, 2002, the trial court therefore dismissed the action.  Exhibit 30 to Return of Writ.  Petitioner apparently never filed an appeal of the trial court's decision to the state appellate court.

On April 8, 2004, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254.  He alleges that he is in the custody of the respondent in violation of

the Constitution of the United States based upon the following grounds:

> 1.  The petitioner was denied his right to effective assistance of counsel on both the trial and appellate levels secure[d] to him by the Sixth Amendment to the Constitution of the United States and contrary to clearly established federal law as determined by the Supreme Court of the United States.

> 2.  The petitioner was denied his right to due process and a fair trial in violation of his Fifth and Fourteenth Amendment rights and contrary to clearly established federal law as determined by the Supreme Court of the United States when the trial court threatened to throw petitioner's attorney in jail in front of the jury for saying the word "penalty."

> 3.  The state court's decision was based on an unreasonable determination of the facts in light of the evidence presented.

> 4.  The petitioner was denied due process of law in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States due to the cumulative effect of inadmissible statements and prosecutorial misconduct.

It is the position of the respondent that all of petitioner's claims are procedurally defaulted.

## II.  PROCEDURAL DEFAULT

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required fairly to present those claims to the highest court of the state for consideration.  28 U.S.C. §2254(b), (c).  If he fails to do so, but still has an avenue open to him by which he may present the claims, his petition is subject to dismissal for failure to exhaust state remedies.  *Id.; Anderson v. Harless*, 459 U.S. 4, 6 (1982)(*per curiam*); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971).  If, because of a procedural default, the petitioner can no longer present his claims to a state court, he has also waived them for purposes of federal habeas review unless he can demonstrate cause for the procedural default and actual

4

prejudice resulting from the alleged constitutional error. *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle v. Isaac*, 456 U.S. 107, 129 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is foreclosed by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id.* Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id.* Third, it must be decided whether the state procedural forfeiture is an 'adequate and independent' state ground on which the state can rely to foreclose review of a federal constitutional claim. *Id.* Finally, if the Court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error. *Id.* This "cause and prejudice" analysis also applies to failures to raise or preserve issues for review at the appellate level. *Leroy v. Marshall*, 757 F.2d 94 (6th Cir. 1985).

In claim one, petitioner asserts the ineffective assistance of both trial and appellate counsel due to his attorney's failure to raise the issue of trial counsel's ineffectiveness on direct appeal. Because petitioner was represented by the same attorneys both at trial and on direct appeal, his claim of ineffective assistance of trial counsel would have been properly raised in a petition for post conviction relief pursuant to O.R.C. §2953.21. *See State v. Cole*, 2 Ohio St.3d 112, 114 (1982). Although petitioner filed a petition for post conviction relief with the state trial court, he failed to raise this claim therein. Further, he now may now no longer do so under Ohio's doctrine of *res*

*judicata.*[2]  *See State v. Cole, supra; State v. Ishmail*, 67 Ohio St.2d 16 (1981); *State v. Perry*, 10

---

[2]  The Court recognizes that petitioner may still seek to file a successive and untimely petition for post conviction relief pursuant to O.R.C. §2953.23, which provides:

 (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain . . .   a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:

(1) Both of the following apply:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

(2) The petitioner was convicted of a felony, the petitioner is an inmate for whom DNA testing was performed under sections 2953.71 to 2953.81 of the Revised Code or under section 2953.82 of the Revised Code, and the results of the DNA testing establish, by clear and convincing evidence, actual innocence of that felony offense or, if the person was sentenced to death, establish, by clear and convincing evidence, actual innocence of the aggravating circumstance or circumstances the person was found guilty of committing and that is or are the basis of that sentence of death.

As used in this division, "actual innocence" has the same meaning as in division (A)(1)(b) of section 2953.21 of the Revised Code.

(B) An order awarding or denying relief sought in a petition filed pursuant to section 2953.21 of the Revised Code is a final judgment and may be appealed pursuant to Chapter 2953. of the Revised Code.

Ohio St.2d 175 (1967).  Further, petitioner never filed an appeal of the trial court's decision to the

state appellate court, and he may now no longer do so, as Ohio does not permit delayed appeals in

post conviction actions.  *See State v. Nichols*, 11 Ohio St.3d 40 (1984).

As to petitioner's claim of ineffective assistance of appellate counsel, petitioner's delayed

application for reopening of the appeal pursuant to Ohio Appellate Rule 26(B) was denied by the

state appellate court for failure to establish good cause for the untimely filing:

> Appellant, Steven Gibson, asks this court to reopen his appeal
> pursuant to App.R. 26(B) and *State v. Murnahan* (1992), 63 Ohio
> St.3d 60.....
>
> On October 22, 2003, Gibson filed a delayed application for
> reopening.  Gibson alleges that his appellate counsel was ineffective
> for failing to raise certain issues on appeal including sufficiency and
> weight of the evidence, inadmissible statements, prosecutorial
> misconduct, ineffective assistance of trial counsel, and abuse of
> discretion by the trial court when it threatened to throw his trial
> counsel in jail.
>
> App.R. 26(B) governs applications for reopening based upon a claim
> of ineffective assistance of appellate counsel.  App.R. 26(B)(1) and
> (2)(b) require applications for reopening to be filed within ninety
> days from the journalization of the decision, unless the applicant
> demonstrates good cause for the untimely filing.  *State v. Wickline*
> (1996), 74 Ohio St.3d 369, 371 ("Under App.R. 26(B)(2)(b), an
> application for reopening requires 'a showing of good cause for
> untimely filing if the application is filed more than ninety days after
> journalization of the appellate judgment.'"); *see also State v. Wilson*
> (1997), 80 Ohio St.3d 132, 134.
>
> Here, the decision in appellant's direct appeal was filed and
> journalized on September 27, 2002.  Gibson did not file his
> application for reopening until October 22, 2003 - well beyond the

---

However, the exceptions for filing an untimely and successive post conviction action are strictly
construed, and review of the record persuades this Court that the possibility that the Ohio courts
would entertain such action here is highly remote.  This Court therefore deems the first part of
the *Maupin* test to have been met.

ninety day period set forth in App.R. 26. Thus, we may consider Gibson's application to reopen his direct appeal only if he has demonstrated that good cause exists to excuse his untimely filing.

Gibson contends that good cause exists because he did not have an attorney to help him prepare his application in a timely manner. He maintains that the trial court refused to appoint him an attorney and his appellate attorney did not help him. Gibson states that he is "entitled to appointed counsel to represent [him] in a 26(B) proceeding as held by the United States Court of Appeals for the Sixth Circuit in *White v. Schotten* (2000), 201 F.3d 743." Gibson claims that, as a layman, he was ignorant about appellate practice and the trial court erred when it did not appoint an attorney to help him file a timely application. We disagree.

*Schotten* does not stand for the proposition that courts must appoint counsel to help defendants file an application to reopen under A.R. 26(B). *State v. Marcum* (Jan. 14, 2002), Butler App. No. CA96-03-049. Instead, *Schotten* stands for the proposition that a defendant is entitled to "effective" counsel if he is represented by an attorney who helps him file an application to reopen. Id. Thus, Gibson's reliance on *Schotten* is misplaced.

The Ohio Supreme Court has not directly addressed this issue but it provides in S.Ct.Prac.R. II, Section 2(A)(4)(b) that an application to reopen an appeal under App.R. 26(B) and *State v. Murnahan* (1992), 63 Ohio St.3d 60, is in the nature of post conviction relief rather than a continuation of the direct appeal process. An applicant does not have the right to counsel when he or she seeks post conviction relief.

Appellate courts have directly addressed the issue and found that an applicant under App.R. 26(B) does not have the right to counsel in filing the application. *See, e.g., State v. Dozier* (Jan. 3, 2002), Cuyahoga App. No. 68612, 2002-Ohio-7457.

Here, the trial court did not have to appoint counsel to help Gibson file his application to reopen. In addition, Gibson's appellate counsel did not have to advise Gibson of his right to file an application to reopen his appeal, and finally, Gibson's ignorance of the law and procedures involved to file his application does not establish good cause to untimely file his application.

In addition, App.R. 26(B)(2)(c) requires the applicant to set forth assignments of error or arguments in support of assignments of error

that were not previously considered in any appellate court.  Here, Gibson does not comply with App.R. 26(B)(2)(c).  Without identifying any assignments of error, it is impossible to evaluate his application to reopen.

Accordingly, we dismiss Gibson's application to reopen.

Exhibit 24 to Return of Writ.

In claim two, petitioner asserts that he was denied due process when the trial court threatened to throw his attorney in jail in front of the jury; in claim three, petitioner asserts that "the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented"; in claim four, petitioner asserts that he was denied due process due to the cumulative effect of inadmissible statements and prosecutorial misconduct.  All of these claims are readily apparent from the face of the record, and therefore should have been raised on direct appeal, but were not.  Again, petitioner may now no longer present such claims to the state courts under Ohio's doctrine of *res judicata*.  *See State v. Cole, supra; State v. Ishmail*, *supra*; *State v. Perry*, *supra.*

This Court must determine whether or not the state relied upon the procedural rules at issue to dispose of petitioner's claims.  Consideration of petitioner's claim of ineffective assistance of trial counsel, and claims two through four, are barred by virtue of petitioner's failure to present such claims to the state courts.  The state courts were therefore never given an opportunity to enforce the procedural rule due to the nature of petitioner's procedural default.  As to petitioner's claim of ineffective assistance of appellate counsel, the state appellate court explicitly rejected petitioner's delayed application for reopening of the appeal due to his failure to establish good cause for the untimely filing.

Petitioner argues that the state appellate court's decision denying his delayed application failed to clearly and expressly enforce any procedural bar.  This Court is not persuaded by

9

petitioner's argument.  A procedural default does not preclude consideration of a federal claim in federal habeas corpus unless the last state court rendering judgment in the case clearly and expressly stated that its judgment rests on that procedural bar.  *Harris v. Reed*, 489 U.S. 255, 265-66 (1989).  However, state courts can reach the merits of a federal claim without sacrificing the procedural default, so long as the merits review is expressed as an alternative holding.  *Id*., at 264 n.10; *see also McBee v. Abramajtys,* 929 F.2d 264, 267 (6th Cir. 1991).  Here, the state appellate court here never addressed the merits of petitioner's allegations, but instead denied the application for failure to show good cause for the untimely filing.  As an alternative basis for its dismissal, the state appellate court noted that petitioner had failed to comply with the state rule requiring him to set forth assignments of error.  *See* Exhibit 24 to Return of Writ, *supra*.  In view of the foregoing, the Court deems the first and second parts of the *Maupin* test to have been met as to all of petitioner's claims.

The Court must next decide whether the procedural rules at issue constitute adequate and independent bases upon which to foreclose review of the petitioner's federal constitutional claims. This task requires the Court to balance the state's interests behind each procedural rule against the federal interest in reviewing federal claims.  *See Maupin v. Smith*, 785 F.2d at 138.  Under this analysis, the procedural rules barring petitioner's claims constitute adequate and independent state grounds for denying relief.  The state courts must be given a full and fair opportunity to remedy alleged constitutional defects.  The time limitations for filing appeals and the requirement that all available claims be asserted in the first proceeding serve the state's interests in finality and in ensuring that claims are adjudicated at the earliest possible opportunity.  Finally, the doctrine of *res judicata* is stated in unmistakable terms in numerous Ohio decisions and Ohio courts have consistently refused to review claims on the merits under that doctrine.  *See State v. Cole, supra;*

*State v. Ishmail, supra; State v. Perry, supra.* Additionally, and contrary to petitioner's argument, *see Traverse,* at 4-8, the United States Court of Appeals for the Sixth Circuit has concluded that Ohio's Appellate Rule 26(B) now constitutes an adequate and independent state ground for denying relief. *See Monzo v. Edwards*, 281 F.3d 568, 577-78 (6th Cir. 2002); *Hicks v. Collins*, 384 F.3d 203, 211-12 (6th Cir. 2004).

The Court concludes that petitioner has waived his right to present any of his claims for federal habeas corpus review. Petitioner can still secure review of these claims on the merits if he demonstrates cause for his failure to follow the state procedural rules, as well as actual prejudice from the constitutional violations that he alleges. As cause for his procedural default of his claim of ineffective assistance of trial counsel, petitioner asserts the ineffective assistance of appellate counsel; however, that claim likewise is procedurally defaulted, and therefore cannot constitute cause. *See Edwards v. Carpenter*, 529 U.S. 446, 453 (2000)(The ineffective assistance of counsel cannot constitute cause to excuse a procedural default, if that claim is also procedurally defaulted.)[3] The Court concludes that petitioner has failed to establish either cause or prejudice for his procedural default of claim one.

Beyond the four-part *Maupin* analysis, this Court is required to consider whether this is "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. at 491; *see also Sawyer v. Whitley*, 505 U.S. 333. After review of the record, this Court does not deem this to be such a case.

---

[3] As noted, *supra*, petitioner alleged in the state appellate court, as grounds for the untimely filing of his delayed 26(B) application, that he had been improperly denied counsel or the effective assistance of counsel in the filing of his 26(B) application, under *White v. Schotten, supra*, 201 F.3d at 743; however, petitioner failed to raise such allegation on appeal to the Ohio Supreme Court, and he does not again appear to present such argument here. *See Traverse*.

11

## III.

Based upon all of the foregoing, the Magistrate Judge concludes that petitioner has failed to establish cause and prejudice for the procedural default of his claims, and **RECOMMENDS** that this action be **DISMISSED.**

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Jan. 25, 2005                                           *s/Norah McCann King*
                                                Norah McCann King
                                    United States Magistrate Judge