IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

STEVEN GIBSON,

      **Petitioner,**

  v.                                           Case No. 2:04-cv-272
                                                       JUDGE GRAHAM
**JEFFREY WOLFE, Warden,**                Magistrate Judge KING

      **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. §2254. On February 11, 2005, proceedings in this action were stayed pursuant to petitioner's request so that he could exhaust state remedies by filing a successive and untimely petition for post conviction relief in the state trial court. Doc. No. 20. On March 2, 2006, petitioner filed a notice of exhaustion of state court remedies, and a request to reactivate proceedings. Doc. Nos. 33, 34. Petitioner has filed a motion to amend the petition to again assert his previously unexhausted claim of ineffective assistance of trial counsel and a request to amend the petition to expand the arguments presented in support of claim four of his habeas corpus petition. Doc. Nos. 35, 36. Additionally, on March 30, 2006, petitioner filed a motion to supplement the record on the issue of judicial bias. Doc. No. 38.

Petitioner's motion to lift the stay and requests to amend the petition to again include his previously unexhausted claim of ineffective assistance of trial counsel, and to clarify arguments on issues raised in his initial habeas corpus petition, Doc. Nos. 34, 35, 36, are **GRANTED**. Proceedings are hereby **REACTIVATED**. For the reasons stated *infra,* petitioner's motion to supplement the record on the issue of judicial bias, Doc. No. 38, is **DENIED**.

This matter is before the Court on the instant petition as amended, respondent's return of writ, petitioner's traverse, petitioner's supplemental memorandum and exhibits, and the exhibits of the parties. For the reasons that follow the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

## I.  FACTS

The facts and procedural history of this case are detailed in the Magistrate Judge's *Report and Recommendation*, January 25, 2005, Doc. No. 16, but are repeated here for clarification.

The Ohio Fourth District Court of Appeals summarized the facts of this case as follows:

> The record shows that the female victim, born on May 28, 1981, lived with Gibson on Maple Street in Belpre, Ohio, after he married her mother in 1992. The mother testified that the family moved to Maple Street on April 9, 1992 and left this address in April 1994.
>
> The victim testified that during the summer when they lived at the Maple Street address, Gibson on more than one occasion fondled her breasts, touched her vagina, and tried to penetrate her vagina with his fingers. She said that when Gibson attempted to penetrate her and she told him that it hurt, he usually stopped. She testified that she was too embarrassed to tell anyone and that Gibson told her not to tell.

Exhibit 19 to Return of Writ.

## II.  PROCEDURAL HISTORY

On May 12, 2000, petitioner was indicted by the Washington County grand jury on two counts of gross sexual imposition against a person less than thirteen years of age, in violation of O.R.C. §2907.05(A)(4), and attempted felonious sexual penetration, in violation of O.R.C. §2907.12(A)(1)(b). Exhibit 2 to Return of Writ. Represented by counsel, petitioner proceeded to

2

jury trial on counts two and three of the indictment[1] and, on June 12, 2001, was found guilty as charged. Exhibit 9 to Return of Writ. On July 11, 2001, count one of the indictment was dismissed without prejudice. Exhibits 10 and 11 to Return of Writ. On July 26, 2001, petitioner was sentenced to an aggregate term of six and one half to fifteen years incarceration and adjudicated a sexual predator. Exhibit 12 to Return of Writ. Still represented by the same counsel, petitioner filed a timely appeal of his convictions and sentence to the Fourth District Court of Appeals. He asserted the following assignments of error:

> 1. The trial court erred to the prejudice of the defendant-appellant by classifying him as a sexual predator. The evidence presented at the sentencing/classification hearing was insufficient to establish by clear and convincing evidence that the defendant-appellant would likely engage in the future in one or more sexually oriented offenses.
>
> 2. The trial court abused its discretion and committed reversible error by sentencing the defendant-appellant to consecutive sentences.
>
> 3. The trial court erred by failing to instruct the jury as to the lesser included offenses of gross sexual imposition and sexual penetration.

Exhibit 15A to Return of Writ. On September 27, 2002, the appellate court affirmed the judgment of the trial court. Exhibit 19 to Return of Writ. Petitioner never filed a timely appeal of the appellate court's decision to the Ohio Supreme Court; however, on September 12, 2003, petitioner filed a *pro se* motion for delayed appeal. Exhibits 20 and 21 to Return of Writ. On November 5, 2003, the Ohio Supreme Court denied the motion for delayed appeal and dismissed the appeal. Exhibit 22 to Return of Writ.

On October 22, 2003, petitioner filed a *pro se* delayed application for reopening of the appeal

---

[1] Pursuant to petitioner's request, count one was severed from the trial of counts two and three. Exhibits 3 and 4 to Return of Writ.

3

pursuant to Ohio Appellate Rule 26(B). Exhibit 23 to Return of Writ. On December 12, 2003, the state appellate court dismissed petitioner's delayed application for failure to establish good cause for the untimely filing. Exhibit 24 to Return of Writ. Petitioner filed a timely appeal of the appellate court's decision to the Ohio Supreme Court. He asserted the following proposition of law:

> Appellant was denied the effective assistance of counsel on both the trial and appellate levels in violation of the Sixth Amendment to the Constitution of the United States when counsel fails to raise significant plausible issues on appeal and the lower appellate court refuses to permit reopening.

Exhibit 25 to Return of Writ. On March 24, 2004, the Ohio Supreme Court dismissed the appeal as not involving any substantial constitutional question. Exhibit 27 to Return of Writ.

Petitioner also filed, on June 3, 2002, a *pro se* petition to vacate or set aside his conviction or sentence with the trial court; however, petitioner failed raise any claims in his post conviction petition. *See* Exhibit 28 to Return of Writ. On July 17, 2002, the trial court therefore dismissed such action. Exhibit 30 to Return of Writ. Petitioner apparently never filed any appeal of the trial court's decision to the state appellate court.

On April 8, 2004, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. The petitioner was denied his right to effective assistance of counsel on both the trial and appellate levels secure[d] to him by the Sixth Amendment to the Constitution of the United States and contrary to clearly established federal law as determined by the Supreme Court of the United States.
>
> 2. The petitioner was denied his right to due process and a fair trial in violation of his Fifth and Fourteenth Amendment rights and contrary to clearly established federal law as determined by the Supreme Court of the United States when the trial court threatened to

throw petitioner's attorney in jail in front of the jury for saying the word "penalty."

3. The state court's decision was based on an unreasonable determination of the facts in light of the evidence presented.

4. The petitioner was denied due process of law in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States due to the cumulative effect of inadmissible statements and prosecutorial misconduct.

On January 25, 2005, the undersigned issued a *Report and Recommendation* recommending that all of petitioner's claims be dismissed as procedurally defaulted. Doc. No. 16. Petitioner objected to the *Report and Recommendation*, and requested a stay of proceedings so that he could attempt to exhaust state court proceedings by filing an untimely and successive petition for post conviction relief in the state trial court. Doc. Nos. 18, 19. Petitioner's request for a stay of proceedings was granted. Doc. No. 20. Thereafter,

> on March 9, 2005, Gibson filed a second *pro se* petition for post-conviction relief, again requesting the appointment of counsel and a hearing on Gibson's claims that he received ineffective assistance of trial counsel and was further prejudiced by prosecutorial misconduct and judicial bias. The trial court dismissed Gibson's second post-conviction petition without holding a hearing, finding that the petition was untimely and failed to meet the criteria set forth in R.C. 2953.23 that allows a court to entertain an untimely or second post-conviction relief petition.
>
> Gibson timely appealed... assigning the following error for our review:
>
> THE TRIAL COURT ERRED AND ABUSED IT'S [SIC] DISCRETION BY SUMMARILY DENYING THE DEFENDANT'S RECENT POSTCONVICTION MOTION WITHOUT A HEARING OR THE APPOINTMENT OF COUNSEL, OR PRODUCTION OF REQUESTED MATERIALS DESPITE HIS CLAIM OF HAVING ALWAYS BEEN DEPRIVED OF EFFECTIVE ASSISTANCE OF COUNSEL.

*State v. Gibson,* unpublished, 2005 WL 2472063 (Ohio App. 4 Dist. September 28, 2005); *see also Motion to Lift Stay*, Doc. No. 34. On September 28, 2005, the appellate court dismissed petitioner's appeal. *See id.* Petitioner filed a timely appeal of the appellate court's decision to the Ohio Supreme Court; however, on February 8, 2006, the Ohio Supreme Court dismissed the appeal. *State v. Gibson*, 108 Ohio St.3d 1439 (Ohio February 8, 2006); *see Motion to Lift Stay*, Doc. No. 34.

### III. REQUEST TO AMEND THE PETITION ON ISSUE OF JUDICIAL BIAS

On March 30, 2006, petitioner filed a motion to supplement the record on the issue of judicial bias. Doc. No. 38. However, petitioner never raised any claim of judicial bias in his initial and timely filed habeas corpus petition. *See Petition.* Further, this action has been pending in the District Court for almost two years. The time period during which a federal claim must be filed is not tolled during the pendency of a federal habeas corpus petition. *Duncan v. Walker*, 533 U.S. 167, 172 (2001). Therefore, any attempt now to amend the petition to include a new claim is time-barred, *see* 28 U.S.C. §2244(d), unless the amended claim relates back to the date the initial petition was filed within the meaning of Federal Rule of Civil Procedure 15. *See Mayle v. Felix,* 125 S.Ct. 2562 (2005).

Rule 15 of the Federal Rules of Civil Procedure governs amendments to federal habeas corpus actions. *See* 28 U.S.C. §2242 ¶3 (stating that habeas corpus actions "may be amended or supplemented as provided in the rules of procedure applicable to civil actions"); *Hodges v. Rose*, 570 F.2d 643, 649 (6th Cir.1978). The rule provides in relevant part as follows:

> (a) Amendments. A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of

6

> court or by written consent of the adverse party; and leave shall be freely given when justice so requires.
>
> \*\*\*
>
> (c) Relation Back of Amendments. An amendment of a pleading relates back to the date of the original pleading when
>
> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
>
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading....

Federal Rule of Civil Procedure 15. The rule promotes a "liberal policy of permitting amendments to ensure the determination of claims on their merits." *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir.1987) (quoting *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir.1982)).

> In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Coe v. Bell*, 161 F.3d 320, 341-42 (6th Cir. 1998)(quoting *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir.1994). Further,

> [d]elay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted.

*Coe v. Bell*, *supra,* 161 F.3d at 342. A district court's decision whether to grant a motion to amend the petition pursuant to Federal Rule of Civil Procedure 15(a) generally is reviewed for an abuse of

7

discretion; however, where the denial is based upon futility, such denial may be reviewed *de novo*.

*Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 305 (6th Cir. 2001).

In *Mayle v. Felix*, *supra*, 125 S.Ct. at 2562, the United States Supreme Court held:

> An amended habeas petition... does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.

*Id*. The Supreme Court reasoned:

> The Civil Rule governing pleading amendments, Federal Rule of Civil Procedure 15, made applicable to habeas proceedings by § 2242, Federal Rule of Civil Procedure 81(a)(2), and Habeas Corpus Rule 11, allows pleading amendments with "leave of court" any time during a proceeding. See Fed. Rule Civ. Proc. 15(a). Before a responsive pleading is served, pleadings may be amended once as a "matter of course," *i.e.*, without seeking court leave. *Ibid.* Amendments made after the statute of limitations has run relate back to the date of the original pleading if the original and amended pleadings "ar[i]se out of the conduct, transaction, or occurrence." Rule 15(c)(2).
>
> The "original pleading" to which Rule 15 refers is the complaint in an ordinary civil case, and the petition in a habeas proceeding. Under Rule 8(a), applicable to ordinary civil proceedings, a complaint need only provide "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Habeas Corpus Rule 2(c) is more demanding. It provides that the petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." *See also Advisory Committee's Note* on subd. (c) of Habeas Corpus Rule 2, 28 U.S.C., p. 469 ("In the past, petitions have frequently contained mere conclusions of law, unsupported by any facts. [But] it is the relationship of the facts to the claim asserted that is important ... "); *Advisory Committee's Note* on Habeas Corpus Rule 4, 28 U.S.C., p. 471 (" '[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." (internal quotation marks omitted)). Accordingly, the model form available to aid prisoners in filing their habeas petitions instructs in boldface:

"CAUTION: You must include in this petition all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date." Petition for Relief From a Conviction or Sentence By a Person in State Custody, Habeas Corpus Rules, Forms App. (emphasis in original).

A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to "show cause why the writ should not be granted." § 2243. Under Habeas Corpus Rule 4, if "it plainly appears from the petition ... that the petitioner is not entitled to relief in district court," the court must summarily dismiss the petition without ordering a responsive pleading. If the court orders the State to file an answer, that pleading must "address the allegations in the petition." Rule 5.

\*\*\*

Congress enacted AEDPA to advance the finality of criminal convictions. *See Rhines v. Weber*, 544 U.S. ----, ----, 125 S.Ct. 1528, 1534 (2005). To that end, it adopted a tight time line, a one-year limitation period ordinarily running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A). If claims asserted after the one-year period could be revived simply because they relate to the same trial, conviction, or sentence as a timely filed claim, AEDPA's limitation period would have slim significance.... The very purpose of Rule 15(c)(2), as the dissent notes, is to "qualify a statute of limitations." *Post*, at ----2. But "qualify" does not mean repeal. *See Fuller v. Marx*, 724 F.2d 717, 720 (8th Cir. 1984). Given AEDPA's "finality" and "federalism" concerns, *see Williams v. Taylor*, 529 U.S. 420, 436 (2000); *Hicks*, 283 F.3d, at 389, it would be anomalous to allow relation back under Rule 15(c)(2) based on a broader reading of the words "conduct, transaction, or occurrence" in federal habeas proceedings than in ordinary civil litigation, *see supra,* at --- - ----10-12.

\*\*\*

... So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order.... Our reading is consistent with the general application of Rule

9

> 15(c)(2) in civil cases... with Habeas Corpus Rule 2(c)... and with AEDPA's installation of a tight time line for § 2254 petitions....

*Id.* (Citations and footnotes omitted.) In a footnote, the Supreme Court gave examples of claims "tied to a common core of operative facts" that would relate back to the original filing:

> For example, in *Mandacina v. United States*, 328 F.3d 995, 1000-1001 (8th Cir. 2003), the original petition alleged violations of *Brady v. Maryland,* 373 U.S. 83 (1963), while the amended petition alleged the Government's failure to disclose a particular report. Both pleadings related to evidence obtained at the same time by the same police department. The Court of Appeals approved relation back. And in *Woodward v. Williams*, 263 F.3d 1135, 1142 (10th Cir. 2001), the appeals court upheld relation back where the original petition challenged the trial court's admission of recanted statements, while the amended petition challenged the court's refusal to allow the defendant to show that the statements had been recanted. *See also 3 J. Moore, et al., Moore's Federal Practice* § 15.19[2], p. 15-82 (3d ed. 2004) (relation back ordinarily allowed "when the new claim is based on the same facts as the original pleading and only changes the legal theory").

*Mayle v. Felix, supra*, 125 S.Ct. at 2575 n.7.

As noted *supra*, in his initial habeas corpus petition, petitioner asserts that he was denied the right to effective assistance of trial and appellate counsel, that he was denied a fair trial because the trial court threatened to throw his attorney in jail, that "the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented," and that he was denied a fair trial due to the cumulative effect of inadmissible statements and prosecutorial misconduct. *See Petition.* Such claims raise no issue of judicial bias, nor is such claim "tied to a common core of operative facts" as the claims raised in petitioner's initial habeas corpus petition. Petitioner's March 30, 2006, motion to supplement the record on the issue of judicial bias therefore is **DENIED.**

## IV. PROCEDURAL DEFAULT

10

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required fairly to present those claims to the highest court of the state for consideration. 28 U.S.C. §2254(b), (c). If he fails to do so, but still has an avenue open to him by which he may present the claims, his petition is subject to dismissal for failure to exhaust state remedies. *Id.; Anderson v. Harless*, 459 U.S. 4, 6 (1982)(*per curiam*); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). If, because of a procedural default, the petitioner can no longer present his claims to a state court, he has also waived them for purposes of federal habeas review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error. *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle v. Isaac*, 456 U.S. 107, 129 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is precluded by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id*. Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id.* Third, it must be decided whether the state procedural forfeiture is an 'adequate and independent' state ground on which the state can rely to foreclose review of a federal constitutional claim. *Id.* Finally, if the Court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error. *Id*. This

"cause and prejudice" analysis also applies to failures to raise or preserve issues for review at the appellate level. *Leroy v. Marshall*, 757 F.2d 94 (6th Cir. 1985).

In claim one, petitioner asserts the ineffective assistance of trial and appellate counsel. Because petitioner was represented by the same attorneys at trial and on direct appeal, his ineffective assistance of trial counsel claim would be properly raised in a petition for post conviction relief pursuant to O.R.C. §2953.21. *State v. Cole*, 2 Ohio St.3d 112, 114 (1982). Although petitioner filed a petition for post conviction relief with the state trial court, he failed to raise any such claim therein. Further, he now may now no longer do so under Ohio's doctrine of *res judicata*. *See State v. Cole, supra; State v. Ishmail*, 67 Ohio St.2d 16 (1981); *State v. Perry*, 10 Ohio St.2d 175 (1967). Further, petitioner never filed any appeal of the trial court's decision to the state appellate court, and he may now no longer do so, as Ohio does not permit delayed appeals in post conviction actions. *State v. Nichols*, 11 Ohio St.3d 40 (1984). On March 9, 2005, petitioner attempted to present such claim to the state courts in a delayed and successive petition for post conviction relief; however, as discussed, *supra*, the state courts explicitly refused to consider the merits of petitioner's claim, due to the untimely and successive nature of the filing:

> R.C. 2953.21 and R.C. 2953.23 govern petitions for post-conviction relief. Under R.C. 2953.21, relief from a judgment or sentence is available for a person convicted of a criminal offense who shows that "there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States [.]" See also, State v. Grover (1995), 71 Ohio St.3d 577, 645 N.E.2d 1246; State v. Powell (1993), 90 Ohio App.3d 260, 629 N.E.2d 13.
>
> Except as provided in R.C. 2953.23, a petition for post-conviction relief must be filed no later than 180 days after the date on which the trial transcript is filed in the court of appeals when there is a direct appeal of the judgment of conviction. R.C. 2953.21(A)(2).

If a post-conviction relief petition is filed beyond the 180-day time limitation or the petition is a second or successive petition for post-conviction relief, R.C. 2953.23(A) precludes the court from entertaining the petition unless: (1) the petitioner shows that he was unavoidably prevented from discovering the facts upon which his claim for relief is based, or (2) after the 180-day time period expired, the United States Supreme Court recognized a new federal or state right that applies retroactively to the petitioner and is the basis of his claim for relief. R.C. 2953.23(A)(1)(a). The petitioner must then show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found [him] guilty of the offense of which [he] was convicted[.]" R.C. 2953.23(A)(1)(b).

Unless the defendant makes the showings required by R .C. 2953.23(A), the trial court lacks jurisdiction to consider either an untimely or a second or successive petition for post-conviction relief. *State v. Carter*, Clark App. No. 03CA-11, 2003-Ohio-4838, citing *State v. Beuke* (1998), 130 Ohio App.3d 633, 720 N.E.2d 962, and *State v. Owens* (1997), 121 Ohio App.3d 34, 698 N.E.2d 1030; *State v. McGee*, Loraine App. No. 01CA007952, 2002-Ohio-4249, appeal not allowed, 98 Ohio St.3d 1409, 781 N.E.2d 1018, 2003-Ohio-60; *State v. Hansbro*, Clark App. No.2001-CA-88, 2002-Ohio-2922.

In this case, Gibson was convicted and sentenced in 2001, and we affirmed his conviction in September of 2002. He filed his second petition for post-conviction relief in March 2005, well after the statutorily prescribed time for post-conviction relief had run. Gibson's petition was clearly untimely. Because the petition was untimely, in addition to being a second or successive petition, Gibson had to satisfy the criteria set forth in R.C. 2953.23(A) before the trial court could consider the merits of the petition.

Gibson's second petition fails to argue, let alone establish, that his claim for post-conviction relief falls within R.C. 2953.23(A)'s criteria. The petition does not show that he was "unavoidably prevented" from discovering the "facts" upon which he relies in his petition. *See* R.C. 2953.23(A)(1)(a). R.C. 2953.23's "purpose is to permit courts to consider factual information that may come to light after a defendant's trial, not to permit defendants to advance new theories using the same underlying facts." *State v. Hurst* (Jan. 10, 2000), Stark App. No.1999CA00171, citing *State v. Brewer* (Sept. 18, 1998), Highland App. No. 98-CA-5, appeal not allowed, 84 Ohio St.3d 1436, 702 N.E.2d 1214. "A petitioner merely asserting that he was unaware of certain alleged facts fails to satisfy his burden of

13

> demonstrating that he was unavoidably prevented from discovering those alleged facts." *Id*.
>
> Here, the facts alleged in Gibson's petition are either facts contained in the existing record or are facts that were available previously. Gibson merely argues that he was unaware of certain facts that allegedly prove his innocence and show the ineffectiveness of his trial counsel in failing to prove his innocence at trial. Accordingly, the petition fails to satisfy the criteria set forth in R.C. 2953.23(A)(1)(a).
>
> In addition, the petition makes no claim based on a new federal or state right recognized by the United States Supreme Court that applies retroactively to petitioner. Therefore, he has not satisfied the alternative criteria, set forth in R.C. 2953.23(A)(1)(b).
>
> Because Gibson's second petition for post-conviction relief fails to satisfy the criteria set forth in R.C. 2953.23 governing untimely and second post-conviction relief petitions, the trial court lacked jurisdiction to consider the merits of the petition. Accordingly, we overrule Gibson's single assignment of error and affirm the trial court's judgment.

*State v. Gibson,* unpublished, 2005 WL 2472063 (Ohio App. 4 Dist. September 28, 2005).

As to petitioner's claim of ineffective assistance of appellate counsel, petitioner's delayed application for reopening of the appeal pursuant to Ohio Appellate Rule 26(B) likewise was denied by the state appellate court for failure to establish good cause for the untimely filing:

> Appellant, Steven Gibson, asks this court to reopen his appeal pursuant to App.R. 26(B) and *State v. Murnahan* (1992), 63 Ohio St.3d 60.....
>
> On October 22, 2003, Gibson filed a delayed application for reopening. Gibson alleges that his appellate counsel was ineffective for failing to raise certain issues on appeal including sufficiency and weight of the evidence, inadmissible statements, prosecutorial misconduct, ineffective assistance of trial counsel, and abuse of discretion by the trial court when it threatened to throw his trial counsel in jail.
>
> App.R. 26(B) governs applications for reopening based upon a claim

of ineffective assistance of appellate counsel. App.R. 26(B)(1) and (2)(b) require applications for reopening to be filed within ninety days from the journalization of the decision, unless the applicant demonstrates good cause for the untimely filing. *State v. Wickline* (1996), 74 Ohio St.3d 369, 371 ("Under App.R. 26(B)(2)(b), an application for reopening requires 'a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment.'"); *see, also, State v. Wilson* (1997), 80 Ohio St.3d 132, 134.

Here, the decision in appellant's direct appeal was filed and journalized on September 27, 2002. Gibson did not file his application for reopening until October 22, 2003 - well beyond the ninety day period set forth in App.R. 26. Thus, we may consider Gibson's application to reopen his direct appeal only if he has demonstrated that good cause exists to excuse his untimely filing.

Gibson contends that good cause exists because he did not have an attorney to help him prepare his application in a timely manner. He maintains that the trial court refused to appoint him an attorney and his appellate attorney did not help him. Gibson states that he is "entitled to appointed counsel to represent [him] in a 26(B) proceeding as held by the United States Court of Appeals for the Sixth Circuit in *White v. Schotten* (2000), 201 F.3d 743." Gibson claims that, as a layman, he was ignorant about appellate practice and the trial court erred when it did not appoint an attorney to help him file a timely application. We disagree.

*Schotten* does not stand for the proposition that courts must appoint counsel to help defendants file an application to reopen under A..R. 26(B). *State v. Marcum* (Jan. 14, 2002), Butler App. No. CA96-03-049. Instead, *Schotten* stands for the proposition that a defendant is entitled to "effective" counsel if he is represented by an attorney who helps him file an application to reopen. Id. Thus, Gibson's reliance on Schotten is misplaced.

The Ohio Supreme Court has not directly addressed this issue but it provides in S.Ct.Prac.R. II, Section 2(A)(4)(b) that an application to reopen an appeal under App.R. 26(B) and *State v. Murnahan* (1992), 63 Ohio St.3d 60 is in the nature of post conviction relief rather than a continuation of the direct appeal process. An applicant does not have the right to counsel when he or she seeks post conviction relief.

Appellate courts have directly addressed the issue and found that an

15

> applicant under App.R. 26(B) does not have the right to counsel in filing the application. *See, e.g., State v. Dozier* (Jan. 3, 2002), Cuyahoga App. No. 68612, 2002-Ohio-7457.
>
> Here, the trial court did not have to appoint counsel to help Gibson file his application to reopen. In addition, Gibson's appellate counsel did not have to advise Gibson of his right to file an application to reopen his appeal, and finally, Gibson's ignorance of the law and procedures involved to file his application does not establish good cause to untimely file his application.
>
> In addition, App.R. 26(B)(2)(c) requires the applicant to set forth assignments of error or arguments in support of assignments of error that were not previously considered in any appellate court. Here, Gibson does not comply with App.R. 26(B)(2)(cc). Without identifying any assignments of error, it is impossible to evaluate his application to reopen.
>
> Accordingly, we dismiss Gibson's application to reopen.

Exhibit 24 to Return of Writ.

In claim two, petitioner asserts that he was denied due process when the trial court threatened to throw his attorney in jail in front of the jury; in claim three, petitioner asserts that "the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented"; in claim four, petitioner asserts that he was denied due process due to the cumulative affect of inadmissible statements and prosecutorial misconduct. All of these claims are readily apparent from the face of the record, and therefore should have been raised on direct appeal, but were not. Again, petitioner may now no longer present such claims to the state courts under Ohio's doctrine of *res judicata*. *See State v. Cole, supra; State v. Ishmail, supra; State v. Perry, supra.*

This Court must determine whether or not the state relied upon the procedural rules at issue to dispose of petitioner's claims. Consideration of claims two through four are barred by virtue of petitioner's failure to present such claims to the state courts. The state courts were therefore never

given an opportunity to enforce the procedural rule due to the nature of petitioner's procedural default. As to petitioner's claim of ineffective assistance of trial and appellate counsel, the state appellate court explicitly rejected petitioner's delayed application for reopening of the appeal, and his delayed and successive petition for post conviction relief as untimely. *See, supra*.

Petitioner argues that the state appellate court's decision denying his delayed application failed to clearly and expressly enforce any procedural bar. This Court is not persuaded by petitioner's argument. A procedural default does not preclude consideration of a federal claim in federal habeas corpus unless the last state court rendering judgment in the case clearly and expressly stated that its judgment rested on that procedural bar. *Harris v. Reed*, 489 U.S. 255, 265-66 (1989). However, state courts can reach the merits of a federal claim without sacrificing the procedural default, so long as the merits review is expressed as an alternative holding. *Id*., at 264 n.10; *see also McBee v. Abramajtys,* 929 F.2d 264, 267 (6th Cir. 1991). Here, the state appellate court never addressed the merits of petitioner's allegations, but denied the application for failure to show good cause for the untimely filing. As an alternative basis for its dismissal, the state appellate court noted that petitioner had failed to comply with the state rule requiring him to set forth assignments of error. *See* Exhibit 24 to Return of Writ, *supra*. In view of the foregoing, the Court deems the first and second parts of the *Maupin* test to have been met as to all of petitioner's claims.

The Court must next decide whether the procedural rules at issue constitute adequate and independent bases upon which to foreclose review of the petitioner's federal constitutional claims. This task requires the Court to balance the state's interests behind each procedural rule against the federal interest in reviewing federal claims. *See Maupin v. Smith*, 785 F.2d at 138. Under this analysis, the procedural rules barring petitioner's claims adequate and independent state grounds for

17

denying relief. The state courts must be given a full and fair opportunity to remedy alleged constitutional defects. The time limitations for filing appeals and post conviction proceedings, and the requirement that all available claims be asserted in the first proceeding serve the state's interests in finality and in ensuring that claims are adjudicated at the earliest possible opportunity. Finally, the doctrine of *res judicata* is stated in unmistakable terms in numerous Ohio decisions and Ohio courts have consistently refused to review claims on the merits under that doctrine. *See State v. Cole, supra; State v. Ishmail, supra; State v. Perry, supra*. Additionally, and contrary to petitioner's argument, *see Traverse,* at 4-8, the United States Court of Appeals for the Sixth Circuit has concluded that Ohio's Appellate Rule 26(B) constitutes an adequate and independent state ground for denying relief. *See Monzo v. Edwards*, 281 F.3d 568, 577-78 (6th Cir. 2002); *Hicks v. Collins*, 384 F.3d 203, 211-12 (6th Cir. 2004).

The Court concludes that petitioner has waived his right to present all of his claims for federal habeas corpus review. Petitioner can still secure review of these claims on the merits if he demonstrates cause for his failure to follow the state procedural rules, as well as actual prejudice from the constitutional violations that he alleges. As cause for his procedural default of his claim of ineffective assistance of trial counsel, petitioner asserts the ineffective assistance of appellate counsel; however, that claim likewise is procedurally defaulted, and therefore cannot constitute cause. *See Edwards v. Carpenter*, 529 U.S. 446, 453 (2000)(The ineffective assistance of counsel cannot constitute cause to excuse a procedural default, if that claim is also procedurally defaulted.)[2]

---

[2] As noted, *supra*, petitioner alleged in the state appellate court, as grounds for the untimely filing of his delayed 26(B) application, that he had been improperly denied counsel or the effective assistance of counsel in the filing of his 26(B) application, under *White v. Schotten, supra*, 201 F.3d at 743; however, petitioner failed to raise such allegation on appeal to the Ohio Supreme Court, and he does not appear to present such argument here. *See Traverse*.

The Court concludes that petitioner has failed to establish either cause or prejudice for his procedural default of claim one.

Beyond the four-part *Maupin* analysis, this Court is required to consider whether this is "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. at 491; *see also Sawyer v. Whitley*, 505 U.S. 333. After review of the record, this Court does not deem this to be such a case.

### V.

Accordingly, petitioner's motions to lift the stay, Doc. No. 34, to amend the petition to again assert his previously unexhausted claim, Doc. No. 35, and to amend the petition to expand arguments in support of claim four, Doc. No. 36, are **GRANTED.** Petitioner's motion to supplement the record on the issue of judicial bias, Doc. No. 38, is **DENIED.** Furthermore, because petitioner has failed to establish cause and prejudice for the procedural default of all of his claims, it is **RECOMMENDED** that this action be **DISMISSED.**

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation*

will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


<u>April 17, 2006</u>                                          <u>     *s/Norah McCann King*     </u>
                                                             Norah McCann King
                                                       United States Magistrate Judge