IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

STEVEN GIBSON,

      Petitioner,

  v.                                  Case No. 2:04-cv-272
                                        JUDGE GRAHAM
JEFFREY WOLFE, Warden,        Magistrate Judge KING

      Respondent.

## OPINION AND ORDER

On April 17, 2006, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 be dismissed as procedurally defaulted. Petitioner has filed objections to the Magistrate Judge's Report and Recommendation, objecting to all of the Magistrate Judge's recommendations. Petitioner asserts that he is actually innocent of the charges against him, and that the Court therefore should consider the merits of his procedurally defaulted claims.

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup*, 513 U.S. at 316, 115 S.Ct. 851. Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." Id. at 317, 115 S.Ct. 851. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." [FN5] Id. at 327, 115 S.Ct. 851. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence,

> trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324, 115 S.Ct. 851. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* at 321, 115 S.Ct. 851.

*Souter v. Jones*, 395 F.3d 577, 589-90 (6th Cir. 2005). Petitioner has failed to meet this standard here.

Petitioner also asserts that his acute depression constitutes cause for his procedural defaults. *Objections*, at 26.

> "'Cause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him [;] ... some objective factor *external* to the defense [that] impeded ... efforts to comply with the State's procedural rule." *Coleman v. Thompson,* 501 U.S. 722, 753, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)

*Maples v. Stegall,* 340 F.3d 433, 438 (6th Cir. 2003)(emphasis in original).

> [I]n order for mental illness to constitute cause and prejudice to excuse procedural default, there must be a conclusive showing that mental illness interfered with a petitioner's ability to appreciate his or her position and make rational decisions regarding his or her case at the time during which he or she should have pursued post-conviction relief. *See Garrett v. Groose*, 99 F.3d 283, 285 (8th Cir.1996); *Nachtigall v. Class*, 48 F.3d 1076, 1080-81 (8th Cir.1995); *Stanley v. Lockhart*, 941 F.2d at 708-10.

*Holt v. Bowersox,* 191 F.3d 970, 974 (8th Cir. 1999); *see also Harris v. McAdory*, 334 F.3d 665, 669 (7th Cir. 2003)(citations omitted). Petitioner's bare allegation that he was unable to concentrate sufficiently due to depression to pursue state court action at the time at issue is without record support.

For these reasons and for the reasons discussed in the Magistrate Judge's *Report and*

*Recommendation*, petitioner's objections are **OVERRULED**.  The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.**

This action is hereby **DISMISSED**.

**IT IS SO ORDERED.**

                                              s/James L. Graham
                                              JAMES L. GRAHAM
                                              United States District Judge

DATE:  May 15, 2006